Argued and submitted March 13, 1992, affirmed March 31, 1993

In the Matter of the Domestic Partnership of

Rondal Ray RAIMER,
*Respondent,*
*and*

Shirley Ann WHEELER,
*Appellant.*

(89-656-D-1; CA A67271)

849 P2d 1122

Steven P. Pickens, Medford, argued the cause and filed the brief for appellant.

Patricia Crain, Medford, argued the cause for respondent. With her on the brief was Crain & Austin, Medford.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

This is an action for division of property after the breakdown of a nonmarital relationship. The trial court awarded plaintiff judgment for one-half of the $30,000 appreciation on defendant's ranch and $6,000 for items plaintiff had purchased for the ranch. Defendant appeals.

Defendant first assigns error to the trial court's determination that the parties had formed a domestic partnership. However, under *Beal v. Beal*, 282 Or 115, 577 P2d 507 (1978), the critical inquiry is not whether their relationship can be labeled a "domestic partnership." Rather, the question is the intention of the parties as to their financial relationship and their agreement, express or implied, as to their interests in property that either or both acquired during their relationship. If we can discern an agreement, we follow it in determining the equitable distribution of the property when the relationship ends. *Beal* says:

> "[A]bsent an express agreement, courts should closely examine the facts in evidence to determine what the parties implicitly agreed upon.
>
> "More often than not, such an inquiry will produce convincing evidence of an intended division of property, but we recognize that occasionally the record will leave doubt as to the intent of the parties. In such cases, inferences can be drawn from factual settings in which the parties lived. Cohabitation itself can be relevant evidence of an agreement to share incomes during continued cohabitation. Additionally, joint acts of a financial nature can give rise to an inference that the parties intended to share equally. Such acts might include a joint checking account, a joint savings account, or joint purchases." 282 Or at 122. (Citations omitted.)

Here, the evidence supports the trial court's conclusion that the parties agreed to share equally in the profits and expenses of running the ranch. The parties cohabited from 1983 to 1989. At the outset of their relationship, they jointly operated several businesses that are not at issue. They lived together in Red Bluff, California, before moving to Medford in 1986 to live on defendant's ranch, which she owned free and clear. Defendant did the bookkeeping, and plaintiff worked

the ranch. Plaintiff purchased and installed an updated irrigation system and brought additional acres under irrigation. He also spent a substantial sum of his money on ranching supplies and equipment, although defendant reimbursed him for the irrigation system. They had joint bank accounts and credit cards that, although ostensibly tied to the businesses, were also used to purchase personal effects. Each party was a named insured on the liability policy for the ranch and equipment. They obtained credit by executing a bank guaranty agreement that represented that they were the "sole owners" and "partners" in the ranch. Although they never held themselves out as husband and wife, they lived together on the ranch, engaged in significant joint financial activities and evidenced an intention to pool assets and labor for their mutual benefit.

Defendant argues that the ranch was not partnership property. However, the parties jointly operated the ranch business and treated it as a joint asset during their relationship. Defendant's title in the property does not necessarily control our equitable distribution of it. In *Shuraleff v. Donnelly*, 108 Or App 707, 714, 817 P2d 764 (1991), we said:

"[O]ne reason for providing relief in these disputes is to prevent the party with title, or in possession of property, from enjoying ownership without consideration of the contribution of the other party. Awarding property to the one with title had been the rule in cases where courts refused to act in nonmarital relationships. That rule often resulted in advantage to the party who was more cunning or shrewd."

We agree with the trial court that an equitable resolution, reflecting the relationship of the parties and their agreement concerning the property, must protect plaintiff's right to share equally in the property's appreciation.[1]

Finally, defendant argues that the trial court erred in awarding plaintiff $6,000 for what the trial court described as plaintiff's "miscellaneous monetary investment" in the ranch. Her argument that no evidence supports the figure ignores his evidence that he spent more than that amount on

---

[1] Defendant also contests the amount of the appreciation. The evidence clearly established that the ranch had appreciated by $30,000.

ranch expenses. She makes no contention that a lower figure would be more accurate. We find no error.

Affirmed.